C. O. JELLIFF MFG. CORPORATION, Plaintiff

v.

Robert C. WATSON, Commissioner of Patents, Defendant.

Civ. A. No. 1603-57.

United States District Court District of Columbia.

March 30, 1960.

Clarence M. Fisher, Washington, D. C., for plaintiff.

C. W. Moore, Solicitor, United States Patent Office, Washington, D. C., for defendant.

LETTS, District Judge.

### Findings of Fact

1. This is a civil action brought under the provisions of Section 145 of Title 35 United States Code wherein plaintiff, as assignee of the patent application of John H. Jackson and Clarence H. Lorig, Serial No. 230,689, filed June 8, 1951, entitled "resistor Alloy", seeks a judgment from this Court authorizing the defendant, Commissioner of Patents, to grant a patent to plaintiff based upon certain claims of said application.

2. The claims before the Court are those numbered 1–5, inclusive, 9 and 10 in the aforementioned application, as appears from paragraph 3 of the complaint.

3. The application at bar is a continuation-in-part of Jackson and Lorig application Serial No. 119,003 filed September 30, 1949, and the subject matter of claims 2, 4, 5 and 10 at issue is entitled to the benefit of the filing date of said prior application Serial No. 119,003.

4. Claims 1, 2 and 4 are typical. Claim 1 defines an electrical resistor alloy consisting essentially of 44% to 70% nickel, 14.0% to 27.2% chromium, 15.9% to 36.4% manganese, and 0.1% to 4.0% molybdenum. Claim 2 defines an alloy consisting essentially of the same constituents in proportions within the ranges defined in claim 4; while claim 4 adds to the alloy composition of claim 2 a statement of the electrical resistivity of the alloy when in the solution-annealed and aged condition.

5. The prior art relied upon by defendant as negativing patentability is:

A—Jackson and Greenidge Patent No. 2,628,900 granted February 17, 1953, on an application filed November 29, 1949, assigned to the plaintiff, which patent discloses and claims resistor alloys consisting essentially of nickel, chromium and manganese, with the ranges of nickel and manganese practically the same as those defined in the claims sought in this proceeding, and with the range of chromium somewhat wider than and including the range of chromium in the presently claimed alloy.

B—British patent No. 461,534 of 1937, which discloses chromium-nickel stainless steel resister alloys for use as heating elements, the alloys containing from 5 to 35% chromium, 10 to 45% nickel and 0.05 to 15% manganese; and that the addition of between 2 to 5% molybdenum to these alloys improves their resistance to corrosion by sulfur containing gases.

C—Franks Patent No. 21,159,724, granted May 23 1939, teaches that corrosion resistant austenitic chromium nickel alloy steels are inhibited against pitting and contact corrosion of saline solutions by the addition of about 1% to 5% of molybdenum.

6. The essential difference between the alloys sought to be patented and those claimed in the Jackson et al. patent is in the addition to the latter of a small amount of molybdenum to increase the resistance of the alloy to corrosion by salt solutions, to increase to some extent the electrical resistivity and to decrease the temperature coefficient of resistivity.

7. The claims of the Jackson and Greenidge Patent No. 2,628,900 granted to plaintiff are of the "consisting essentially" type and are therefore open to the inclusion of other elements which do not alter the basic characteristic of the claimed alloys and are of such scope as to cover electrical resistance alloy containing nickel, chromium, manganese, and molybdenum in the proportions in which those elements are used in the electrical resistance alloy of the application in suit.

8. The claims of the Jackson and Greenidge Patent No. 2,628,900 are open to the inclusion of small amounts of molybdenum.

9. In the light of the previous teachings of the Franks Patent No. 2,159,724 and the British Patent 461,534 it would be obvious to one skilled in the art to add a small amount of molybdenum to the

234

alloys claimed in the Jackson et al. patent to meet the problems of corrosion.

10. To allow the claims plaintiff now seeks would result in double patenting, which is not permissible under the law.

11. Claims 1 to 5, inclusive, 9 and 10 of plaintiff's application at bar are unpatentable in view of the claims of the Jackson et al. Patent 2,628,900 and the teachings of Franks (2,159,724) and British Patent 461,534.

### Conclusions of Law

1. Where the sole essential difference between the claims sought and those already patented to plaintiff is an obvious one, allowance of the claims now sought would result in double patenting.

2. Plaintiff is not entitled to a patent containing any of claims 1 to 5, inclusive, 9 and 10 of the patent application of John H. Jackson and Clarence H. Lorig, Serial No. 230,689 involved in this proceeding.

3. Plaintiff is not entitled to a patent containing any of the claims enumerated in paragraph 3 of the complaint.

4. The complaint should be dismissed as to all the claims.